United States District Court
Southern District of Texas

**ENTERED**
July 14, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JANICE VINSON MATTHEWS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-26-2889 |
| | § | |
| DAVID P. STEINER, Postmaster General, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This is the court's fourth opinion arising out of Janice Vinson Matthews's former employment at the U.S. Postal Service. Because the procedural background of this matter is well-known to the parties and the court, the court recounts it only briefly here. In June 2014, Matthews sued the United States Postal Service for disability discrimination and retaliation based on events that occurred in 2007 and 2012. *Matthews v. Brennan*, Civ. Action No. H-14-1825, 2017 WL 1956732 (S.D. Tex. May 11, 2017). In 2017, the court granted in part the Postal Service's motion for summary judgment and stayed the 2007 discrimination claims until an EEOC administrative class action was resolved. *Id.* at *11.

In March 2025, after the EEOC determined that Matthews was not a part of the class action, she tried to refile those same claims in a new case. *Matthews v. Dejoy*, Civ. Action No. H-25-1329, 2025 WL 3672954 (S.D. Tex. Dec. 15, 2025). The court dismissed the 2007 retaliation claims and the 2012 discrimination and retaliation claims, with prejudice, on the ground of res judicata. *Id.* at *4. The court also dismissed the 2007 discrimination claims as duplicative of the stayed claims in the prior case and ordered instead that the prior case be reopened. *Id.* The court has since granted summary judgment to the Postal Service on the remaining 2007 discrimination

claims in the reopened case. *Matthews v. Steiner*, No. H-14-1825, 2026 WL 1842588 (S.D. Tex. June 25, 2026).

At a hearing in the reopened case, the court ordered that, if Matthews wanted to assert new claims against the Postal Service based on alleged issues with her retirement benefits, she must do so in a new suit, not the reopened suit. (Case No. 4:14-cv-01825, Docket Entry No. 131). This case involves those new claims against the Postal Service based on the Office of Personnel Management's ("OPM") determination of her retirement benefits and other allegedly related issues, including a private organization's denial of her application for full retiree membership. (Docket Entry No. 1).

The Postal Service has moved to dismiss, or, alternatively, for summary judgment. (Docket Entry No. 11). Matthews responded and moved to strike the motion to dismiss. (Docket Entry No. 14). For the reasons stated below, the court grants the Postal Service's motion to dismiss. The court denies Matthews's request to strike, which is based on the same allegations of untimely filing that the court rejected when denying Matthews's prior motion for sanctions. (Docket Entry No. 13).

The court first dismisses Matthews's claims about OPM's determination of her retirement benefits[1] (including her health and life insurance benefits).[2] She admits that she has not appealed

---

[1] Although Matthews lists the relevant statutes for her claims as Title VII, the Rehabilitation Act, and the ADA, (Docket Entry No. 1 at 1), her claims about retirement benefits appear to sound in the Retirement Act.

[2] Matthews's complaint establishes that her health and life insurance claim is part of her OPM claim. (Docket Entry No. 1 at 3–4). To the extent that Matthews is also trying to bring a separate disability discrimination claim against the Postal Service based on alleged contradictory records that she was provided by DOL-OWCP, (Docket Entry No. 1 at 6–7), however, she has failed to state a claim for relief under Rule 12(b)(6). All she alleges is that someone at DOL-OWCP provided unspecified "contradictory" information to her, which does not state a disability discrimination claim (or any kind of claim) against the Postal Service. And as the court explains elsewhere, it has already determined that the Postal Service did not retaliate or discriminate against Matthews in 2007 and 2012.

OPM's decision to the Merit Systems Protection Board.  (Docket Entry No. 14 at 3).  Because she did not do so, this court lacks subject matter jurisdiction over her claims.  *See Sanders v. U.S. Postal Servs. Off. of Personnel Mgmt.*, No. 3:15-CV-2207-G, 2017 WL 879223, at *5–6 (N.D. Tex. Mar. 6, 2017); *see also Strausbaugh v. USAF*, No. 1:24-cv-00276-LG-RPM, 2025 WL 103206, at *1–2 (S.D. Miss. Jan. 15, 2025).  It is well-settled that "plaintiffs bear the burden of establishing the subject matter jurisdiction of this court." *Sanders*, 2017 WL 879223, at *6 (N.D. Tex. Mar. 6, 2017).  Because Matthews has not met her burden of showing that this court has subject matter jurisdiction over her claims related to OPM's determination of her benefits, the court dismisses them, without prejudice, for lack of subject matter jurisdiction.[3]

Matthews's remaining claim is based on the denial of her application for Full Retiree Membership by the National Association of Letter Carriers ("NALC").[4]  (Docket Entry No. 1 at 5–6).  There is no basis for a disability discrimination claim against the Postal Service based on NALC's denial of benefits.  To the extent that Matthews is merely attempting to relitigate (again) her 2007 and 2012 discrimination and retaliation claims, she is barred by issue preclusion.  *See Matthews*, 2025 WL 3672954, at *4; *Matthews*, 2026 WL 1842588, at *2–4.   What is left after issue preclusion is insufficient to state a claim against the Postal Service, which does not own or operate NALC.

---

[3] Matthews asserts in her response brief that the issue is not just OPM's denial of benefits, but also the Postal Service's providing false information to OPM, which led to the denial of benefits.  (Docket Entry No. 14 at 5).  But Matthews has still not articulated why she may bring this claim directly in federal court rather than first proceeding through the necessary administrative procedures.  In short, Matthews bore the burden of demonstrating that this court had subject-matter jurisdiction, and she has not met that burden.

[4] Matthews identifies only three claims in her response brief: her claim based on OPM's denial of benefits, her claim based on NALC's denial of full retiree membership, and her claim based on her health and life insurance benefits.  (Docket Entry No. 14 at 5).

Finally, the court denies Matthews's request to strike the motion to dismiss. (Docket Entry No. 14). The basis for the request is largely that the Postal Service failed to comply with this court's schedule for filing the motion to dismiss. (*Id.*). That schedule was articulated in a hearing in a different case involving these same parties. (Docket Entry No. 13). As the court explained when denying Matthews's separate motion for sanctions based on this same issue, however, the court never entered a formal scheduling order in this case, and service was not complete until April 30 and May 1, 2026. (*Id.*). There was no basis for sanctions based on the Postal Service's filing of its motion to dismiss on June 15, 2026, and there is no basis for this court to strike the motion to dismiss for the same reasons.

In summary, the court grants the motion to dismiss. (Docket Entry No. 11). The claims related to OPM's benefits determinations are dismissed, without prejudice, for lack of subject matter jurisdiction. The remaining claims are dismissed, with prejudice, for failure to state a claim. The court denies Matthews's motion to strike. (Docket Entry No. 14). The court will separately enter an order dismissing this case.

SIGNED on July 14, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

4